O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RATT, a California General Partnership, | ) ) ) | Case No. CV 18-03933 DDP (JCx) |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION AND MOTION TO DISMISS COUNTERCLAIMS** |
| ROBERT JOHN BLOTZER, an individual, et al., | ) ) ) | |
| Defendants. | ) ) | [Dkts 28, 45, 53] |
| _____ | ) | |

Presently before the court are Plaintiff RATT's Motion for Summary Adjudication and Motion to Dismiss Counterclaims. Having considered the submissions of the parties and heard oral argument, the court grants the motions and adopts the following Order.[1]

**I. Background**

This is the third in a series of suits before this Court regarding the ownership of various trademarks related to the rock band "RATT." The underlying facts are well known to the parties, and are not in dispute. In the 1980s, the original members of the

---

[1] Defendant's Motion to Strike Plaintiff's Reply in support of its Motion for Summary Adjudication has no merit, and is denied.

band formed a partnership ("the RATT Partnership"), which owned and registered four trademarks related to the name "RATT." In 2015, Defendant WBS, Inc. ("WBS"), at the direction of original band member, founding RATT Partnership member, and onetime WBS President Defendant Robert Blotzer, brought suit against another founding band member and RATT Partnership member, Juan Croucier. <u>WBS, Inc. v. Juan Croucier</u>, Case No. CV 15-7251-DDP. In 2016, WBS filed a similar suit against another founding band member and RATT Partnership member, Stephen Pearcy. <u>WBS, Inc. v. Stephen Pearcy</u>, Case No. CV 16-03495-DDP. In those actions, WBS alleged that Croucier and Pearcy infringed upon the RATT trademarks, which the RATT Partnership had allegedly assigned to WBS in 2007.

On cross-motions for summary judgment in the <u>Croucier</u> case, this Court determined that no reasonable trier of fact could conclude that the RATT Partnership had assigned ownership of the RATT marks to WBS, and thus WBS could not show any ownership rights in the marks. Accordingly, this Court entered judgment against WBS. For that same reason, this Court granted summary judgment against WBS in the <u>Pearcy</u> litigation soon after.

Now, in the instant action, the RATT Partnership brings suit against WBS, Blotzer, and others, alleging, among other causes of action, trademark infringement related to Defendants' allegedly unauthorized use of RATT trademarks. Defendants bring counterclaims against the RATT partnership, including false advertising and common law trademark claims. The RATT Partnership now seeks summary adjudication that Defendants are collaterally estopped from contesting the RATT Partnership's ownership of the

RATT trademarks. The RATT Partnership seeks to dismiss Defendants' Third through Seventh Counterclaims for the same reason.

**II. Legal Standard**

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). All reasonable inferences from the evidence must be drawn in favor of the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 242 (1986). If the moving party does not bear the burden of proof at trial, it is entitled to summary judgment if it can demonstrate that "there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 323.

Once the moving party meets its burden, the burden shifts to the nonmoving party opposing the motion, who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. Summary judgment is warranted if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. A genuine issue exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving

party," and material facts are those "that might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. There is no genuine issue of fact "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

It is not the court's task "to scour the record in search of a genuine issue of triable fact." Keenan v. Allan, 91 F.3d 1275, 1278 (9th Cir. 1996). Counsel have an obligation to lay out their support clearly. Carmen v. San Francisco Sch. Dist., 237 F.3d 1026, 1031 (9th Cir.2001). The court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposition papers with adequate references so that it could conveniently be found." Id.

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and

conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**

The RATT Partnership contends that Blotzer and WBS already litigated, and lost, the issue of trademark ownership in the prior Croucier and Pearcy actions, and that Defendants are therefore barred from contesting that issue again in this action. "[A]pplication of offensive nonmutual issue preclusion is appropriate only if (1) there was a full and fair opportunity to litigate the identical issue in the prior action; (2) the issue was actually litigated in the prior action; (3) the issue was decided in a final judgment; and (4) the party against whom issue preclusion is asserted was a party or in privity with a party to the prior action." Syverson v. Int'l Bus. Machines Corp., 472 F.3d 1072, 1078 (9th Cir. 2007) (internal citations omitted); see also Hydranautics v. FilmTec Corp., 204 F.3d 880, 885 (9th Cir. 2000) (A party may be collaterally estopped where "(1) the issue necessarily

5

decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.")

Although Defendants state, without elaboration, that none of the estoppel factors are met, Defendants primarily contend that the issues raised in this case and in the prior two cases are not identical, and that the issues raised here were not actually litigated.[2] (See, e.g. Opposition to Motion for Summary Adjudication at 6-8.) Courts in the Ninth Circuit rely on four factors to determine if there is an identity of claims:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

Harris v. Jacobs, 621 F.2d 341, 343 (9th Cir. 1980); Constantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982). The central issue in determining whether there is an identity of claims is whether the two suits "arise out of the same transactional nucleus of facts." Costantini, 681 F.2d at 1202; see also Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000). Satisfaction of the fourth Constantini factor is often sufficient to find an identity of claims for res judicata purposes, even without analysis of the other factors. Quinto v. JPMorgan Chase

---

[2] The court notes that neither Defendants' Opposition to Plaintiff's Motion for Summary Judgment nor Defendants' Opposition to Plaintiff's Motion to Dismiss was timely filed.

6

Bank, No. 11-CV-02920, 2011 WL 6002599, at *8 (N.D. Cal. Nov. 30, 2011); see Int'l Union of Operating Eng'rs-Employers Constr. Indus. Pension, Welfare and Training Trust Funds v. Karr, 994 F.2d 1426, 1430 (9th Cir. 1993). When analyzing the nucleus of facts factor, courts ask "whether [the two actions] are related to the same set of facts and whether they could conveniently be tried together." W. Systems, Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992).

This case, like the prior cases, revolves around ownership of RATT trademarks. Defendants' entire argument is predicated on the assertion that, notwithstanding, and indeed as a result of, the fact that the RATT Partnership never assigned the RATT trademarks to WBS, WBS nevertheless enjoys common law ownership of the marks. Defendants' theory, unsupported by any authority, appears to be that because the RATT Partnership's purported assignment of the marks to WBS was invalid, the RATT Partnership always owned, but then abandoned, the registered marks, which WBS then acquired through use. ("[Defendants] argue that this Court's invalidation of the transfer of rights from RATT to WBS necessarily means that WBS has been exploiting the [marks] for the last 20 years . . . .") (Opp. to MSA at 6:26-28.) Although Defendants seek to highlight disputes of fact regarding these assertions, the veracity and plausibility of those allegations is not relevant to the preclusion analysis. The pertinent question is whether the current dispute over ownership was actually litigated and resolved in the prior actions.

The answer is yes. Although Defendants put forth a new, common law-based theory about _why_ WBS owns the RATT marks, the question _whether_ WBS or the RATT Partnership owns the marks was

7

already litigated, and resolved, in Croucier and Pearcy. Defendants had a full and fair opportunity to raise that theory in the prior litigation. Indeed, WBS's submissions in the prior litigation reveal that WBS itself understood common law rights to be at issue even then. WBS' Complaint in Croucier explicitly alleged that "[t]he Marks include the Federal registered trademarks as well as the common law rights." (Plaintiff's Request for Judicial Notice, Ex. 1 at 9. (emphasis added).) WBS also moved for summary judgment on all of its trademark causes of action, including "common law false designation of origin. . . . But, since all causes of action stem from the same elements, [WBS] will only argue and refer to 'trademark infringement.'" (Plaintiff's Request for Judicial Notice (Dkt. 40), Ex. 3 at at 15.) Defendants cannot colorably argue that the prior litigation was somehow limited to registered trademarks, independent of any common law ownership rights.[3]

Although in the instant suit, Defendants attempt to raise a new theory of ownership of the RATT marks, the issue of trademark ownership, even under common law theories, could have been, and was, litigated to final judgment in the prior actions. Defendants may not relitigate that question again here.

**IV. Conclusion**

For the reasons stated above, Plantiff's Motion for Summary Adjudication and Motion to Dismiss Counterclaims Three through

---

[3] At argument, Defendants appeared to suggest that this suit involves some marks other than those owned by the RATT Partnership that nevertheless look exactly the same as the RATT partnership's marks. That theory was not developed in Defendants' briefing and is unclear to the court.

8

Seven are both GRANTED.  Counterclaims Three through Seven are DISMISSED, with prejudice.

IT IS SO ORDERED.

Dated: 11-19-18

DEAN D. PREGERSON
United States District Judge